

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JAMES D. HIBNER

    Plaintiff,

VS.                                       No. CH-17-1131-1

                                           JURY DEMAND

REGIONS BANK and
THE LAW OFFICE OF J. PHILLIP JONES.

    Defendants.

**COMPLAINT TO SET ASIDE FORECLOSURE AND DECLARE FORECLOSURE A NULLITY, FOR DAMAGES, AND FOR LEGAL AND EQUITABLE RELIEF**

TO THE HONORABLE CHANCELLORS OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

COMES NOW your Plaintiff, JAMES D. HIBNER, by and through counsel, and hereby asks this Honorable Court to set aside a foreclosure and award damages to include attorney fees and court costs as well as any further legal and equitable relief to which Plaintiff may be entitled as the Court deems appropriate. In support thereof, Plaintiff would show the following unto the Court:

1. Plaintiff is a resident and citizen of Shelby County, Tennessee and has been so at all relevant times with respect to the allegations herein. He resides at 56 Viking Drive, Cordova, Tennessee 38018.

2. Defendant REGIONS BANK (hereinafter "Regions") is, upon information and belief, a corporation and banking entity authorized to do business in the state of

**EXHIBIT A**

Tennessee. Its agent for service of process is: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

3. Defendant LAW OFFICE OF J. PHILLIP JONES (hereinafter "Jones") is upon information and belief, a law firm engaged in the practice of law in the state of Tennessee and it may be served at 1800 Hayes Street, Nashville, Tennessee, 37203.

4. No specific act of wrongdoing is alleged against Jones, however, they were the agents and/or substitute trustee for the alleged foreclosure sale which has occurred and they are the attorneys for the eviction case which has been pending with respect to this property.

5. Plaintiff is the rightful owner of real property located at 56 Viking Drive, Cordova, Tennessee 38018 (hereinafter "Home") in that Plaintiff purchased the Home with his wife in 1993 for approximately $245,000.00 evidenced by a Warranty Deed filed with the Shelby County Register of Deeds on March 31, 1993 under instrument number DL0731.

6. Plaintiff subsequently obtained a non-purchase money mortgage with Union Planters Bank on or about September 28, 2004 in the amount of $235,000.00 evidenced by a Deed of Trust in the amount of $235,000.00 dated September 28, 2004, signed October 1, 2004 and filed with the Shelby County Register of Deeds on October 21, 2004 under instrument number 04177171.

7. Defendant Regions wrongfully foreclosed Plaintiff's Home on May 4, 2017 and Defendant Jones has a pending action in Shelby County General Sessions court under docket number 1870055 seeking to evict Plaintiff on behalf of Regions.

8. Plaintiff has been self-employed as the President/Owner/Operator of his own company Hibner Heating & Air Conditioning, Inc. for over 30 years. At one point the business was thriving with 3 locations, 13 service vans and over 20 employees. Plaintiff had also been married for 28 years until his wife filed for divorce in 2010.

9. At some point before 2010 Plaintiff began suffering from a type of severe arthritis called *ankylosing spondylitis* that limited his ability to work.

10. Plaintiff continued to suffer escalating medical problems related to his arthritis over the next several years. At the same time, he was also going through a bitter divorce.

11. At some point in 2015 the combination of Plaintiff's arthritis as well as stress from the divorce caused Plaintiff to reach a point where he decided to hire an independent general manager to conduct the day to day operations of his business.

12. Plaintiff's bitter contested divorce finally reached a settlement in the summer of 2016.

13. At some point around this same time in 2016 Plaintiff received a call from his bookkeeper saying that they had no money and would not be able to make payroll.

14. Prior to 2016, Plaintiff had never missed a single payment to Defendant Regions.

15. Not long after his divorce became final, Plaintiff became aware that his general manager was not conducting business up to the standards that he had set and that his customers had come to expect after so many years in business.

16. Before Plaintiff could take appropriate action to rectify the problems with his business he suffered a tragic and catastrophic injury at home which resulted in multiple surgeries and intensive care hospitalization for two months into the fall of 2016 followed by an extensive recovery period that continues to this day.

17. As a result of his catastrophic injury, his business completely fell apart and his income reduced down to only social security for a period of time.

18. As Plaintiff was recovering in late 2016 and early 2017 he found himself in extreme financial distress and immediately began efforts to obtain some type of loan modification seeking a payment reduction on his mortgage. At that time the balance was less than $70,000 but the monthly payment was over $1,800 per month.

19. Plaintiff sought help from Regions on more than one occasion but was repeatedly told that he could not qualify for a loan modification.

20. There is a Covenant of Good Faith and Fair Dealing implied between Regions and Plaintiff by virtue of their being mutual parties to the Deed of Trust and the promissory note.

21. By failing to allow Plaintiff to apply for a new loan and/or a modification of the loan on the Home, Regions has breached the Covenant of Good Faith and Fair Dealing.

22. Plaintiff would have and should have qualified for a loan modification even with just his social security income because the outstanding mortgage balance at that time was around $70,000 while Home value exceeded $200,000 and Plaintiff could have made a monthly mortgage payment more commensurate with the

outstanding loan balance instead of the regular scheduled monthly payment of over $1,800 per month.

23. Defendant Regions' act of selling or attempting to sell Plaintiff's Home under these circumstances constitutes an unfair and deceptive business practice in violation of the Tennessee Consumer Protection Act (T.C.A. 47-18-101).

24. Plaintiff will suffer immediate and irreparable injury, harm and/or damage if Regions, by and through Jones, is allowed to go forward with the eviction currently set for Wednesday, August 9, 2017 at 1:30 p.m. in that his right, title, interest, claim, use and enjoyment to/of the Home will be forever extinguished and all financial equity held by Plaintiff in the Home will be at substantial risk of loss.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That each Defendant be served with a copy of this Complaint and that each be required to answer, or suffer a judgment by default;

2. For an Order of the court setting aside the apparent foreclosure that occurred on May 4, 2017 on the property at 56 Viking Drive, Cordova, Tennessee 38018 and restoring Plaintiff to full ownership of the property;

3. For compensatory damages of FIFTY THOUSAND DOLLARS ($50,000.00) for the wrongful foreclosure of the Plaintiff's real property, for breach of contract, and for violation of the Tennessee Consumer Protection Act;

4. For the right to amend complaint as new information becomes available;

5. For a jury trial;

6. For a temporary restraining order, preliminary injunction, and/or permanent injunction to allow Plaintiff to continue to exercise dominion and control over their real property, for the reasons set out in the allegations above, and that the court either waive the bond requirement for the continued use of the property pending this litigation or else set a reasonable bond requirement for said use;

7. For an award of reasonable attorney's fees and court costs for having to bring this action;

8. For such further and other relief to which the Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

*[signature]*

BO LUXMAN, TN BPR #21580
Attorney at Law
Luxman Law Firm
44 North Second St., Suite 1004
Memphis, Tennessee 38103
(901) 526-7770 phone
(901) 526-7957 fax
Attorney for the Plaintiff

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE**

STATE OF TENNESSEE

COUNTY OF SHELBY

    I, JAMES D. HIBNER, hereby state under oath that I have read the facts and the allegations contained in the foregoing lawsuit, and such are true and correct, to the best of my knowledge, information and belief, and I am justly entitled to the relief sought.

_____
JAMES D. HIBNER

_____
Notary Public

[Notary Seal: WILLIAM B. NORRIS, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF SHELBY, MY COMM. EXP. JULY 18, 2018]

## FIAT

TO THE CLERK AND MASTER OF THE CHANCERY COURT:

Issue notice to the Defendants that they are immediately restrained, enjoined, and prohibited from taking any further action to dispossess or otherwise evict the Plaintiff, JAMES D. HIBNER from his primary residence located at 56 Viking Dr. in Cordova, Tennessee 38018, pending a hearing before this Court on the __16th__ day of __Wednesday__, 2017 at __10:00__ o'clock __A__ m. when they shall appear and this Court shall determine whether further orders of this Court should issue, either preliminary or permanent, restraining and/or prohibiting said Defendants from such conduct.

Bond is set at __$3,600.00/wk__.

_____
Chancellor                BY INTERCHANGE

Date __08-07-2017__

9:50 a.m.

## CHANCERY COURT CLERK'S OFFICE
MEMPHIS, TENNESSEE

CH-17-1131-1

FILED
SHELBY COUNTY
CHANCERY COURT
AUG 07 2017
DONNA L. RUSSELL, C. & M
TIME: 9:20 BY: VH

JAMES D. HIBNER
Plaintiff(s)

VS

Law Office of J. PHILLIP JONES
Defendant(s)

TO

Law Office of J. PHILLIP JONES, 1800 Hayes Street, Nashville, TN 37203

You are hereby notified that application for __TEMPORARY RESTRAINING ORDER__ will be heard before the Chancery Court, Part __I__, on __Wednesday__, the __16th__, day of __August__ 20__17__ at __10:00__ o'clock __A__.M. as prayed for in the Complaint filed in this cause, a copy of which accompainies this writ and upon which Fiat has been granted.

HEREIN FAIL NOT.

Witness Donna L. Russell, Clerk and Master of said Court, at office, the __7th__ day of __August__, 20__17__.

DONNA L. RUSSELL, C. & M.
by _____
Deputy C. & M.

### RESTRAINING ORDER

In the meantime,
DEFENDANT IS ENJOINED FROM PROCEEDING WITH EVICTION ACTION AGAINST PLAINTIFF AND PROPERTY AT 56 VIKING DRIVE, CORDOVA, TN 38018

until further Orders of this Court to the contrary

A TRUE COPY-ATTEST
D. L. Russell, Clerk & Master

JoeDae L. Jenkins
Chancellor BY INTERCHANGE
Chancery Court, Shelby County, Tennessee

_____ .M.
Date

**CHANCERY COURT CLERK'S OFFICE**
MEMPHIS, TENNESSEE
CH-17-1131-1

FILED
SHELBY COUNTY
CHANCERY COURT
AUG 07 2017
DONNA L. RUSSELL, C & M
TIME: 9:20  BY: VH

JAMES D. HIBNER
Plaintiff(s)

VS

REGIONS BANK
Defendant(s)

TO

REGIONS BANKS c/o Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203

You are hereby notified that application for **TEMPORARY RESTRAINING ORDER** will be heard before the Chancery Court, Part **I**, on **Wednesday**, the **16th**, day of **August** 20**17** at **10:00** o'clock **A**.M. as prayed for in the Complaint filed in this cause, a copy of which accompainies this writ and upon which Fiat has been granted.

HEREIN FAIL NOT.

Witness Donna L. Russell, Clerk and Master of said Court, at office, the **7th** day of **August**, 20**17**.

DONNA L. RUSSELL, C. & M.
by _____
Deputy

**RESTRAINING ORDER**

In the meantime,
DEFENDANT IS ENJOINED FROM PROCEEDING WITH EVICTION ACTION AGAINST PLAINTIFF AND PROPERTY AT 56 VIKING DRIVE, CORDOVA, TN 38018

until further Orders of this Court to the contrary

A TRUE COPY-ATTEST
Donna L. Russell, Clerk & Master
By _____
D.C. & M.

JoeDae L. Jenkins
Chancellor BY INTERCHANGE
Chancery Court, Shelby County, Tennessee

08-07-2017 .M.
Date